**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MICHAEL T. WEST,

    Plaintiff,

v.                                  Case No. 16-10067

KING COLE FOODS,

    Defendant.
_____/

**OPINION AND ORDER VACATING THE CLERK'S ENTRY OF
DEFAULT, DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT, AND
ORDERING PLAINTIFF TO SHOW CAUSE**

Before the court is Plaintiff's Motion for Default Judgment, filed on April 25, 2016. (Dkt. # 10.) This court held a hearing on September 28, 2016, which Plaintiff attended. On October 17, 2016, Plaintiff filed a "General Request for Court Order Made by Motion" for additional time to effect service on Defendant ("Plaintiff's Request"). To date, the Defendant has not been properly served. For the following reasons and those stated at the hearing, this court will order the clerk to vacate the entry of default against Defendant, deny Plaintiff's Motion for Default Judgment, and order Plaintiff to show cause in writing for why the complaint should not be dismissed for failure to effect timely service on any Defendant.

Plaintiff's complaint alleges employment discrimination by Defendant under Title VII. (Dkt. # 1.) However, Plaintiff's complaint does not allege that Plaintiff filed an administrative charge with the Equal Opportunity Employment Commission (EEOC). *Id.* Moreover, Plaintiff's Motion for Default Judgment and associated proof of service

suggest that Plaintiff's efforts at completing service amounted to personally leaving copies of the summons and complaint with some unidentified employee at Defendant corporation's place of business. At the hearing in September, the court explained to Plaintiff that he needed to review Federal Rule 4 and Michigan Court Rule 2.105 with respect to the methods of proper service on a corporation, as this clearly does not comport with the requirements under either rule. *See* Fed. R. Civ. P. 4(c)(2) (prohibiting service by a party); Fed. R. Civ. P. 4(h)(1)(B) (requiring service on officer, managing or general agent, or other authorized agent if also coupled with a mailed copy to the defendant); MCR 2.105(D) (permitting service on officer or resident agent, or alternatively upon director, trustee, or person in charge if also coupled with service by registered mail to the principal office). This court also indicated that Plaintiff had two weeks after the hearing to correct any deficiencies lest the court enter an order requiring that he show cause for why the case should not be dismissed. Nothing filed subsequent to the hearing suggests that Plaintiff has had any further success at effecting valid service on Defendant. As Plaintiff's Request admits, the time for valid service has long since passed. Fed. R. Civ. P. 4(m). Plaintiff's Request does not, however, provide any factual allegations that would excuse this failure.

      Plaintiff has had ample opportunity to cure the defective service upon Defendant. At the hearing now almost two months ago, Plaintiff was advised of these shortcomings and the seriousness of the consequences for failing to rectify them; Plaintiff addressed the court and appeared to understand. Plaintiff's Request is further indication that Plaintiff realized that he had run afoul of procedural requirements. Now almost a month after that filing, this court is confronted with a total absence of any factual allegations

that would excuse Plaintiff's failure or provide an indication that this failure will be rectified in the near future. Federal Rule 4(m) commands that:

> If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The 90 day period has long since passed, Plaintiff has had ample notice that dismissal was possible. This court will now order Plaintiff to show cause in writing for why his complaint should not be dismissed without prejudice for failure to comply with the requirements of Federal Rule 4. Plaintiff's Motion for Default Judgment will be denied without prejudice because, "if service was improper, the default judgment is void and must be vacated[.]" *Hooker v. Goldstein & Associates, LLC*, No. 12-12232, 2013 WL 6163638, at *5 (E.D. Mich. Nov. 20, 2013) (citations omitted).

For the foregoing reasons, IT IS ORDERED that the clerk's entry of default (Dkt. #12) is set aside.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment (Dkt. #10) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff SHOW CAUSE, in a writing filed no later than 5:00 P.M. on December 16, 2016, why the complaint should not be dismissed for Plaintiff's failure to effect timely service upon Defendant.

    s/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: November 28, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 28, 2016, by electronic and/or ordinary mail.

                                                             s/Lisa Wagner
                                                             Case Manager and Deputy Clerk
                                                             (313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\16-10067.WEST.showcause.bss.wpd